# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,         Criminal No. 04-69(1) (DWF/JSM)

    Respondent-Plaintiff,

v.         **ORDER**

Arthur Sanchez,

    Petitioner-Defendant.

---

Ann M. Anaya, Assistant United States Attorney, United States Attorney's Office, counsel for Respondent-Plaintiff.

Arthur Sanchez, *Pro Se*, Petitioner-Defendant.

Daniel L. Gerdts, Esq., Brink & Gerdts, P.A., counsel for Petitioner-Defendant.

---

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Arthur Sanchez's ("Petitioner-Defendant") motion to correct or modify the record pursuant to Federal Rules of Appellate Procedure 10(e). The Government opposes Petitioner-Defendant's motion.

## BACKGROUND

Petitioner-Defendant is currently serving a sentence of 192 months, followed by 5 years of supervised release imposed by the Court on January 13, 2005.

A jury returned guilty verdicts against Petitioner-Defendant on both counts of the indictment: Count 1 charged him with Conspiracy to Distribute and Possess with Intent to Distribute in Excess of 500 grams of Methamphetamine, in violation of 21 U.S.C.

§§ 841(b)(1)(A) and 846; and Count 2 charged him with Aiding and Abetting Possession with Intent to Distribute in Excess of 500 grams of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2.  Petitioner-Defendant appealed his conviction.  On appeal, one of his claims was that he was denied a right to a fair trial and that the Government improperly refused to timely produce the informant for trial.  At the time of the request by Petitioner-Defendant, the identity of the informant, Margaret Ramero, was known to Petitioner-Defendant because she was in fact the live-in friend of Petitioner-Defendant.  Ms. Ramero's last known address was disclosed to the defense prior to trial.  The Eighth Circuit affirmed the judgment of the Court in all respects, finding that the record did not support Petitioner-Defendant's claim that the Government failed to timely produce the confidential informant.  *United States v. Sanchez*, 429 F.3d 753, 756 (8th Cir. 2005).

Petitioner-Defendant is now before the Court requesting that it correct or modify the trial record, pursuant to Federal Rules of Appellate Procedure 10(e), to support his petition for rehearing en banc filed with the Eighth Circuit on December 4, 2005.

**DISCUSSION**

Petitioner-Defendant has requested that the Court supplement the record with an alleged, unrecorded side-bar that took place during the trial at which time, Petitioner-Defendant asserts, his attorney made an objection concerning the Government's efforts to make available the confidential informant pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957).

It is true that Federal Rules of Appellate Procedure Rule 10(e), in pertinent part, provides that "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly."

There is no assertion by the Petitioner-Defendant in this case that the record made in the district court does not truly reflect what happened. Moreover, Petitioner-Defendant makes no specific allegation as to how the trial court record should be modified and when the specific side-bar that is alleged to have occurred did occur and what, specifically, the content of the side-bar was. Rather, there is a conclusory assertion that an objection relating to the confidential informant's testimony was made.

There is no basis in the record or in Petitioner-Defendant's arguments to the Court on which this Court could grant Petitioner-Defendant's motion. The informant was not present during the initial stages of the conspiracy, nor was she present for the events for which the Petitioner-Defendant was convicted. Further, careful scrutiny of the entire record in this matter establishes that the informant's presence at the trial would not have produced a different verdict because the informant's statements came into evidence and the evidence against the Petitioner-Defendant was overwhelming. This was not a difficult case for the jury, as some are. Ms. Ramero's presence at trial would not have produced a different result in this case. Consequently, the unrecorded side-bar, whenever and whatever it was, that Petitioner-Defendant now seeks to supplement the appellate record with, has

little, if any, impact on the record or the case.  For these reasons, there is no factual legal basis upon which this Court can grant the Petitioner-Defendant's motion.

## CONCLUSION

Based upon the presentations and submissions of the parties; the Court having carefully reviewed the record in this matter; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant Arthur Sanchez's motion to correct or modify the record in this case, pursuant to Federal Rules of Appellate Procedure Rule 10(e), is **DENIED**.


Dated:  June 1, 2006            <u>s/Donovan W. Frank</u>
                                DONOVAN W. FRANK
                                Judge of United States District Court